Nov. Term,
1833.

CARTER
v.
BUCKNER.

---

## CARTER v. BUCKNER.

The admissions made by a party, examined under oath on a trial before a justice, cannot be proved in the Circuit Court, on appeal,—the party being in Court, on the trial of the appeal, and not there examined.

ERROR to the *Vermillion* Circuit Court. *Buckner* was the plaintiff below and *Carter* the defendant.

M'KINNEY, J.—Assumpsit before a justice of the peace on a promissory note. Plea, the want of consideration. Judgment for the plaintiff. On appeal to the Circuit Court, the cause was submitted to the Court and judgment rendered in favour of the plaintiff for 32 dollars and 50 cents. To reverse this judgment, the case is before us by writ of error.

From a bill of exceptions, it appears that *Carter*, the defendant below, to prove the want of consideration, introduced a witness to prove the admissions of the plaintiff, made under oath on the trial before the justice of the peace, he having been examined as a witness touching such want of consideration; that the Circuit Court refused to hear the witness, the plaintiff being present in Court on the trial of the appeal. The refusal of the Circuit Court to hear this testimony is complained of as error.

Either party, plaintiff or defendant, may be made a witness by statute, in actions of debt or assumpsit before a justice of the peace, and in the event of appeals in such cases, the provisions of the statute are extended to the Circuit Court. It was as competent to the defendant to call upon the plaintiff to answer under oath in the Circuit Court, as it was before the justice of the peace. This provision of the statute constitutes a change of the common law, and, restricted as it is, is found by experience to be assistant to the advancement of justice. The settled rules of evidence are, however, unchanged by the statute, and will apply in its application. Perhaps no one of the rules is more strictly enforced, than that which requires the best evidence the nature of the case will admit of, to be produced. The rule sustains the Circuit Court in its exclusion of the testimony offered. The plaintiff was in Court, and could have been required to answer the plea on oath. This was not done, but a witness is offered to prove his admissions made under oath before the justice. This was inadmissible.

Other admissions or confessions of the plaintiff would have been received, or if he had been examined in the Circuit Court, it would have been competent to have proved contradictions, discrepances, or variances occurring in his examination before the justice of the peace, and that in the Circuit Court. It is true, the admissions of a party may be given in evidence

against him. These admissions may either be *in pais* or of record; they however relate to the party, without violating any rules of evidence which apply when the party is constituted by statute a witness.

It is clear that the Circuit Court was correct in excluding the testimony.

BLACKFORD, J., being indisposed, was absent.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Whitcomb*, for the plaintiff.

*J. Farrington*, for the defendant.