May Term, 1847.

M'KINZIE
v.
RENEAU.

---

M'KINZIE *v.* RENEAU.

Suit commenced by *A.* before a justice of the peace, and taken by appeal to the Circuit Court. *Held*, that, on the trial on appeal, the defendant might prove admissions which had been made by the plaintiff as a witness in a previous suit in the Circuit Court brought by one *B.* against the defendant.

APPEAL from the *Harrison* Circuit Court.

PERKINS, J.—This was an action of assumpsit originally instituted before a justice of the peace to recover the value of certain work and labour. Judgment before the justice for the plaintiff for a fraction over 28 dollars, and an appeal taken to the Circuit Court. Judgment in that Court for the plaintiff for 30 dollars.

On the trial in the Circuit Court, the defendant, *M'Kinzie*, " offered to prove by a witness on the stand that the plaintiff, *David Reneau*, on the trial of a suit in that Court at its previous term between one *Fleming Reneau* and said *M'Kinzie*, testified that the labour for which this suit was brought, was done by him for said *Fleming Reneau*, and not for himself.

*Tuesday,*
*June 22.*

The defendant also offered to accompany such proof with the record of the suit in which the testimony proposed to be proved was given; but the Court refused to permit the proof to be made." To this ruling of the Court an exception was taken, and it presents the only point for our consideration.

This evidence appears to have been excluded on the ground that *David Reneau,* the plaintiff in the suit, whose admissions were sought to be proved, was himself a competent witness; and the case of *Carter* v. *Buckner,* 3 Blackf. 314, is relied upon as supporting the decision.

It is true that in some actions commenced before a justice of the peace, either party may by statute, under certain circumstances, at the election of the opposite party, be made a witness; but only at the election of the opposite party. It is not true that the statute makes the parties in these cases witnesses generally and at all events. We may say further, that when a party has once elected, on a trial before a justice of the peace, to make his opponent a witness under the statute, we think it fit and proper that he should be bound by that election on a trial of the same cause on appeal in the Circuit Court, and should be there compelled again to call him, if wishing to have the benefit of his testimony, in place of proving his statements made as a witness before the justice; and that such must be his course, seems to be all that is decided in *Carter* v. *Buckner, supra.* The rule established by that case does not embrace the present. It was not on the trial of this cause before the justice that the admissions sought to be proved were made. *David Reneau* was not even a party to the suit in which they were made, and we know of no rule of law declaring those admissions incompetent to go to the jury as evidence. The weight to which they should be entitled is for the jury to determine.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. A. Porter,* for the appellant.

*R. Crawford,* for the appellee.