Nov. Term,
1859.

LITTLE
v.
THE CITY
OF INDIAN-
APOLIS.

*Per Curiam.*—The judgment is affirmed with costs.

*A. C. Donald,* for the appellant.

---

### VANSVOORST *v.* VANSCOY.

*Wednesday,
December 7.*

---

### LITTLE *v.* THE CITY OF INDIANAPOLIS.

Where a witness testified that a certain paper was in the city clerk's office, and the city clerk testified that he had made a thorough search for it in his office, where he supposed it would be likely to be found, and could not find it, it was *held* that a copy of the paper might be given in evidence.

*Wednesday,
December 7.*

APPEAL from the *Marion* Court of Common Pleas.

DAVISON, J.—The appellee, who was the plaintiff, instituted this suit against *Little,* before a justice of the peace, to recover of him his proportion of the cost of the work done in grading and graveling *East* street, between *Wash-*

*ington* and *Market* streets, in said city, on a contract under §62 of an act incorporating cities, approved *June* 18, 1852. From the decision of the justice there was an appeal. In the Common Pleas, the issues were submitted to a jury, who found for the plaintiff; and the Court, having refused a new trial, rendered judgment, &c.

Nov. Term,
1859.

Little
v.
The City
of Indian-
apolis.

The act referred to provides that "when the owners of two-thirds of the whole line of lots bordering on any street in any city shall petition the mayor and common council to have such street graded," &c., "the mayor and council shall cause the same to be done by contract given to the best bidder," &c.; and "the cost thereof shall be estimated according to the whole length of the street per running foot, and the owners of the lots bordering on the street to be improved shall be liable for their proportion of the cost, in proportion to the length of the lots bordering thereon and owned by them." 1 R. S. p. 217, §§ 62, 63.

During the trial, the plaintiff, having suggested that the original petition to the city council for the improvement of *East* street, between the above points, was lost, produced one *George West*, who testified substantially as follows: "I was city clerk of said city since *May*, 1856. All the papers and records of the city council, since I became clerk, and treasury books to the year 1840, of which I have any knowledge, are in my possession. The petitions for the improvement of streets, and other matters, are filed in my office since I became clerk. I suppose this was the practice before I became clerk, as I find some such papers on file; but of this fact I have no personal knowledge. There are other offices in connection with the city council wherein papers are kept in connection with the doings of the city council; but there is no office, other than the clerk's office, that I know of, in connection with the council, where petitions for street improvements are kept. I have made a thorough examination for the petition in question among all the papers in my office, where I supposed the same would likely be, and could not find it."

*N. B. Taylor*, a witness, testified that he was city attorney, from *May*, 1853, till *May*, 1856; that he got said peti-

Nov. Term,
1859.

tion from the files of the clerk's office of the city council, to have it before the justice on the trial of this cause. It remained there till after he decided the same, and witness returned it to the clerk's office of the city council.

Upon this testimony, *Little* moved the Court to allow him to give in evidence a copy of the petition as copied in the proceedings of the city council, relative to the aforesaid improvements of *East* street, to the introduction of which the defendant objected, on the ground that the absence of the original petition was not sufficiently accounted for; but the objection was overruled, and the proceedings of the council containing the copy admitted, &c.

The objection to the admission of the secondary evidence was not well taken. One witness proves that the original petition was in the clerk's office of the city council; and another, the clerk, who had control of that office, testifies that he had made a thorough examination for the petition in his office, where he supposed it would likely be, and could not find it. This, it seems to us, was sufficient to satisfy the Court that a fair, honest, and reasonably diligent attempt had been made to obtain the petition, without success. 2 Phil. Ev. (4 Am. ed.) 564, *et seq.*

As no further exception appears to have been taken to the ruling of the Common Pleas, the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*R. L. Walpole*, for the appellant.