May Term,
1861.

CARTER
v.
EDWARDS.

CARTER *v.* EDWARDS and Another.

In the trial of causes on appeal from a justice of the peace, the Court to which the appeal is taken may proceed according to the rules of pleading allowed before the justice, and hence a replication is unnecessary, though an amended answer may have been filed in the appellate Court.

Where it is shown by the testimony of the clerk, that the original note filed in his office with a justice's transcript has been diligently searched for by him and can not be found, a good basis is laid for the introduction of a copy.

The admissions made by a party examined under oath, on a trial before a justice, can not be proved in the appellate Court, the party being in Court on the trial of the appeal, and not then examined.

*Tuesday,*
*June 4.*

APPEAL from the *Delaware* Common Pleas.

DAVISON, J.—*Joseph Edwards* and *Mary Edwards*, his wife, sued *Carter* before a justice of the peace, upon a promissory note which reads thus:

"$81.                           *January* 22, 1858.

"Six months after date, I promise to pay *Mary Andrews*, eighty-one dollars, with interest, for value received.

(Signed,)    "A. CARTER."

The justice gave judgment for the plaintiffs, and the defendant appealed. In the Common Pleas, the plaintiffs by leave, &c., amended their complaint, in effect, as follows: "That defendant, on *January* 22, 1858, by his note, promised to pay *Mary Andrews* $81, which is unpaid; that she, *Mary*, has since the execution of the note intermarried with *Joseph Edwards*, her co-plaintiff, and they, the plaintiffs, demand judgment, &c. To this the defendant answered: 1. That the note was given to *Mary Andrews* in lieu of a note and an account, payable by defendant to one *Goldsmith Gilbert*, now deceased; that the estate of *Gilbert* is unsettled, and that the plaintiffs are not the administrators of *Gilbert's* estate, nor has either of them been such administrator. 2. That before the execution of the note in suit, the defendant executed his note to said *Gilbert* for $150, and the note sued on was given to *Mary Andrews* in lieu of the note so given to *Gilbert*, which note was fully paid before the note in suit

May Term,
1861.

CARTER
v.
EDWARDS.

was executed. 3. That the note sued on is the property of the estate of *Goldsmith Gilbert*, deceased, who before his death was, and still is, indebted to the defendant $300, as per account herewith filed; and defendant offers to set off the same against any amount the plaintiffs may recover in this action." To this answer there was no reply. The Court tried the cause, and found for the plaintiffs. Motion for a new trial denied, and judgment, &c. There being no reply to the answer, it is argued that there was a trial without an issue, and consequently the judgment should be reversed. We think otherwise. As has been seen, this suit originated before a justice of the peace. In that Court the rule is, that "No reply shall in any case be necessary, but any matter which might have been replied to any plea, may be proved with the same effect as if replied." 2 R. S., § 37, p. 458. And in reference to an appeal from the judgment of a justice to the Common Pleas or Circuit Court, it is expressly provided, that "such cause shall stand for trial in such Court, and be tried under the same rules and regulations prescribed for trials before justices, and amendments of pleadings may be made on such terms, as to costs and continuances as the Court may order." *Id.* § 67, p. 463. These provisions, as we construe them, indicate a legislative intent that in all cases of appeal from a justices' judgment, the Court to which the appeal is taken may proceed to trial under the same rules of pleading allowed before a justice; and the result is, a replication in this instance was unnecessary.

During the trial, it appeared that the note on which the suit is founded had been lost, or mislaid; and in order to lay a proper foundation for secondary evidence of its contents, the plaintiffs introduced *Job Swain*, who testified that he was the justice before whom the cause was originally tried; that the copy of the note set out in the transcript from his docket, now on file in this case, is a true copy; that he filed the original note, with the other papers in the cause, in the clerk's office of said Court. Another witness, *Brotherton*, testified that the note was filed in the clerk's office, and that he had searched for it, but failed to find it; and *Spreaker*, the clerk of said Court, being called, testified that he had made diligent

search for the note, and could not find it. Upon this evidence, the copy of the note set forth in the justice's transcript was allowed to be read in evidence, and the defendant excepted. This exception is not well taken. The note was filed in the clerk's office with the other papers in the case, and the clerk having made diligent search failed to find it. This, it seems to us, was sufficient to authorize a copy of the note, the same having been proved to be a true copy, to be given in evidence. *Little* v. *City of Indianapolis*, 13 Ind. 364; 2 Phil. Ev. 4 Am. Ed. 564, *et seq.*

The defendant, upon the trial, offered to prove by *Job Swain*, the justice from whose judgment the appeal was taken, that while the cause was on trial before him as justice, *Mary Edwards*, one of the plaintiffs, was called as a witness, and in her testimony admitted that the note was given for a claim held by the estate of *Goldsmith Gilbert*, against the defendant; that said estate was at the time of the execution of the note, and still is, unsettled; and that there was not then, nor has there been since, any administration on said estate. The Court refused to admit the offered proof, and we think correctly. In *Carter* v. *Buckner*, 3 Blackf. 314, it was held that "The admissions made by a party examined under oath on a trial before a justice, can not be proved in the Circuit Court on appeal, the party being in Court on the trial of the appeal, and not then examined." In the case before us, the party was, it is true, examined as a witness upon the trial of the appeal, but not until after the refusal of the Court "to admit the offered proof." The case cited is, in our opinion, precisely in point, and is decisive of the question under consideration. The evidence is upon the record; we have examined it carefully, and are of opinion that it accords with the finding of the Court.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*D. Nation* and *C. M. Anthony*, for the appellant.

*Walter March* and *W. Brotherton*, for the appellees.