Whipple v. Shewalter.

No. 10,732.

## WHIPPLE v. SHEWALTER.

LANDLORD AND TENANT.—*Complaint to Recover.—Possession.—Rent.—Lease.—Exhibits.—Demurrer.*—A complaint by a landlord against his tenant who fails to pay rent, to recover possession and damages for unlawful detention, is not founded on the lease, and the lease, if made an exhibit, will not be examined on a demurrer to the complaint.

SAME.—*Description of Premises.—Evidence.*—A tenant can not escape payment of rent, according to the terms of the lease, for the time he occupied thereunder, upon the ground that the premises are not described in the lease as to their location; and such lease is admissible in evidence, in an action for rent accrued, to show the contract as to rent, and in an action for possession, to show the amount of damages for detention after notice to quit; and evidence of the location of the premises corresponding to the description in the complaint is proper in such action.

SAME.—*Notice to Quit.*—A notice to quit, from a landlord to a tenant, is sufficient if it apprise the latter as to what premises are demanded.

SAME.—*Damages.—Instruction.*—When, in an action by a landlord against his tenant, unlawfully holding over after the termination of the tenancy, for possession and damages for unlawful detention, a claim for rent accrued is joined in the complaint, and the cause goes to trial upon such complaint, it is not error, in instructing the jury as to the amount of recovery, to treat such joinder as proper.

SUPREME COURT.—*Modification of Judgment.—Bill of Exceptions.*—The overruling of a motion to modify a judgment will not be reviewed by the Supreme Court, unless the reasons, which were given in support of the motion, are shown by bill of exceptions.

From the Jay Circuit Court.

*D. T. Taylor* and *J. M. Smith*, for appellant.

*W. C. Ladd, W. H. Williamson, W. A. Thompson* and *J. W. Thompson*, for appellee.

BLACK, C.—The appellee sued the appellant to recover possession of real estate unlawfully held over by the latter after determination of his tenancy by ten days' notice to quit for non-payment of rent, and to recover damages for the unlawful detention of the premises and unpaid rent accrued before the determination of the tenancy.

A jury rendered a verdict for the appellee, assessing his damages at $192.41. Motions made by the appellant for a new trial, in arrest of judgment, and to modify the judgment which was rendered on the verdict, were overruled.

In this court the appellant has assigned as errors: .

"1st. The appellee's amended complaint does not state facts sufficient to constitute a cause of action.

" 2d. The court erred in overruling the motion for a new trial.

" 3d. The court erred in overruling the motion in arrest of judgment.

"4th. The court erred in overruling the motion to modify the judgment.

" 5th. The court erred in rendering judgment in favor of appellee for $192.41.

" 6th. The court erred in rendering judgment for appellee for possession of the premises."

The lease under which the appellant received and held possession of the real estate was filed as an exhibit to the complaint, and the only objection to the complaint made in argument, under the first and third specifications in the assignment of errors, is, that the property (very accurately described in the complaint) was not sufficiently described in the lease.

The complaint, so far as it was sought therein to recover possession and damages for unlawful detention, was not founded on the lease, within the meaning of section 362, R. S. 1881, and it was not necessary, in order to make the complaint show a cause of action, that the lease, or a copy thereof, should be filed with the pleading ; and, under many decisions of this court, it cannot be examined in determining the question of the sufficiency of the complaint, as a complaint for possession and damages for detention. If any cause of action was shown by the allegations of the complaint, without the aid of the exhibit, the objection, based upon the contents of the exhibit, can not avail.

The appellee sought also the recovery of unpaid rent accrued up to the time when the possession became unlawful. The premises were described in the lease as the appellee's " brick store-room." The appellant took possession and held

the property as the tenant of the appellee, under the lease. This was alleged in the complaint. The tenant could not escape payment, according to the terms of the lease, of rent for the time he occupied thereunder, upon the ground that the premises mentioned in the contract were not described therein as to their location. We need not decide whether the description in this lease would be sufficient for the purpose of every action that may be based upon a lease. Neither need we decide whether, without the filing of the lease, or a copy thereof, the complaint would have been good as a complaint for use and occupation. The lease was a sufficient exhibit to the complaint regarded as a complaint founded thereon, for the recovery of rent.

The complaint was not objectionable on the ground suggested by counsel.

It is claimed that the admission of the lease in evidence over appellant's objection, which was assigned as a cause for a new trial, was error, because of the alleged insufficiency of the description of the premises. It was admissible to show the origin of the tenancy terminated by notice to quit for failure to pay rent, and also to prove the contract of the parties as to the rent, both to show the amount of rent accrued under the lease and as evidence of the amount of damages for the unlawful detention of the premises.

It is urged that the court erred in admitting in evidence, over appellant's objection, the written notice to quit for nonpayment of rent; the objection suggested here being that the description of the premises in the notice, which was a full and accurate description, was not in the terms of the description in the lease, or in all respects in the terms of the description in the complaint. The notice described certain premises held by the person to whom it was given, as the tenant of the person who gave it, with sufficient certainty to fully apprise the recipient as to what premises were demanded. This was all that was needed.

What has been said also disposes of the objection to cer-

tain testimony showing the location of the premises, the reason alleged against which is, that the property was not sufficiently described in the lease. It was proper to admit evidence of location corresponding with the description contained in the complaint.

Some of the questions propounded to a witness were objected to by the appellant, on the ground that they were leading. We have examined these questions and do not find them liable to such objection. It would not be profitable to take the space necessary to set them out in this opinion.

It is claimed that certain testimony, showing the service of the notice to quit, was improper, because of the alleged insufficiency of the notice above mentioned. As we have seen that the notice was not improperly admitted, it could not be improper to prove the service thereof.

The motion for a new trial was based, in part, upon the giving of certain instructions to the jury, of which the sixth and eighth alone are, in argument, claimed to have been erroneous. In the sixth instruction the court, after describing how a tenancy may be determined for non-payment of rent by notice and failure to pay, told the jury that where a tenancy has been so terminated, the landlord would be entitled "to the possession, and to recover his rent due and unpaid, and damages for the detention of premises after the termination of the lease."

In the eighth instruction it was said that, in determining what amount of damages, if any, the plaintiff was entitled to recover, "you should consider the amount of rent, if any, due at the time said lease was terminated, to which you should add such damages as have accrued to the plaintiff by reason of the unlawful detention after the expiration of the lease."

It is contended, by way of objection to these instructions, that in an action by a landlord against his tenant, holding over after the determination of the tenancy by notice to quit for non-payment of rent, the measure of damages is the reasonable rental value of the premises, from the time at which

the holding became unlawful until the time of trial; and that the appellee could not recover in this action the rent due and unpaid at the time at which the holding became unlawful.

It is true, that where a tenancy has been so terminated the landlord is entitled to recover damages for the unlawful detention, and that he is also entitled to recover rent due and unpaid which accrued while the holding was lawful. It is also true, that the recovery of damages for the unlawful detention is, by the statute, made an incident of the summary proceeding to recover the possession of the premises. Sections 5225, 5231, R. S. 1881.

In the appellee's complaint he showed a right of action for rent accrued under the lease, and also showed a right of action for the recovery of the possession of the premises and damages for the unlawful detention thereof. If this was a misjoinder of causes of action, the defendant, by demurring to the complaint for such ground of demurrer, would have procured the docketing of separate actions, if the demurrer had been sustained; if it had been overruled, this court could not have reversed the judgment because of such ruling. R. S. 1881, section 341.

The cause having gone to trial upon such complaint, it was not error to instruct the jury as was done in the sixth and eighth instructions.

The court refused to give certain instructions asked by the appellant. It is sufficient to say of these that they were not applicable to the evidence.

A new trial was also asked on the alleged grounds that the damages were excessive, and that the amount of the recovery was too large. In support of these causes it is sought to show that the amount awarded by the jury included rent accrued before the termination of the tenancy. If what we have said in regard to the sixth and eighth instructions is correct, the amount of the verdict was not too large.

The only other alleged cause for a new trial mentioned in

.argument was that the verdict was not sustained by sufficient evidence. The evidence fully sustained the verdict, and there was no evidence of a contrary tendency. The defend-ant offered no evidence, and the defence appears to be wholly without merit.

The grounds of the motion to modify the judgment are not shown by bill of exceptions, and the ruling upon the motion, therefore, can not be examined.

The fifth and sixth specifications in the assignment of errors present no question for decision.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion. that the judgment be affirmed, at the appellant's costs.

