Filed June 24, 1891; petition for a rehearing overruled Sept. 19, 1891.

---

No. 130.

## CAMPBELL v. NIXON.

PLEADING.—*Justice of the Peace.—Appeal.*—The rules of pleading before justices of the peace are applicable in the circuit court on appeals from justices, and all defences except the statute of limitations, set-off, matter in abatement, and the denial of the execution or the assignment of a written instrument, may be given in evidence without plea.

LANDLORD AND TENANT.— *Termination of Tenancy by Notice to Quit.—Damages Recoverable.*—Where the tenancy has been terminated by a notice to quit, the landlord is entitled not only to recover damages for the subsequent unlawful detention of the property, but also to recover the rent· which accrued prior to the determination of the lease, while the possession was held thereunder lawfully, and which remains due and unpaid.

SAME.—*Notes Given as Collateral Security for Rent.—Action for Possession.—Merger in Judgment.*—Where a tenancy is terminated for non-payment of rent, and by summary proceedings under the statute a judgment for

possession of the demised premises and for damages for the detention thereof is recovered, notes given as collateral security for the rent are not necessarily merged in the judgment recovered, but they may be surrendered for cancellation, and be merged in such judgment.

SAME.--*Removal of Tenant by Summary Proceedings.--Rent.*—Where for non-payment of rent a tenant has been removed from the premises by summary proceedings under the statute, he can claim exemption from liability for rent as such for so much of the term as has elapsed after the termination of the relation of landlord and tenant; and in a suit on the lease for rent only the rent accrued up to the determination of the lease can be recovered.

SAME.—*Cancellation of Notes.*—In such case it is proper to require negotiable paper given and received as collateral security for the rent for the term, and still in the hands of the lessor, to be brought into court and surrendered for cancellation.

SAME.—*Merger.—Finding.*—In a suit upon notes given for rent, a finding that in summary proceedings under the statute, before a justice of the peace, to remove the tenant from the leased premises for non-payment of rent, a judgment was rendered for possession of the said premises and for damages for the detention of the same, does not support a conclusion of law that the notes were merged in the judgment.

SAME.—*Rights of Indorsee.*—Although negotiable notes are given for the rent, if in an action by the lessor against the lessee the notes, still in the hands of the former, are treated by the parties, and by the court, as collateral security for the rent, and are surrendered for the use of the lessee, or for cancellation, the subsequent indorsement of the notes by the lessor after their maturity confers no right of action upon the indorsee.

From the Marion Circuit Court.

*J. B. McFadden*, for appellant.

*R. Denny* and *N. M. Taylor*, for appellee.

BLACK, J.—The court rendered a special finding, and we are required to determine whether it erred in its conclusions of law upon the facts stated. The action, commenced before a justice of the peace, was upon two joint and several promissory notes, dated October 2d, 1885, made by the defendant William R. Nixon and the appellee, John Nixon, payable to the order of Hannah C. Stewart, in a bank in this State, and indorsed by the payee to the plaintiff, the appellant.

There was no service of process, and the defendant William R. Nixon did not appear to the action. The appellee appeared, and the justice rendered judgment against him, from which he appealed.

In the circuit court the appellee filed an answer, in several paragraphs, and there was a reply.

The rules of pleading before justices of the peace are applicable in the circuit court on appeals from justices, and all defences except the statute of limitations, set-off, matter in abatement, and the denial of the execution, or the assignment of a written instrument, may be given in evidence without plea. Sections 1460, 1502, R. S. 1881; *Carter* v. *Edwards*, 16 Ind. 238; *Bernhamer* v. *Conard*, 45 Ind. 151; *Hill* v. *Sleeper*, 58 Ind. 221; *Phillips* v. *Cox*, 61 Ind. 345.

The appellee was not confined to the defences pleaded by him, and his answer did not contain any matter which could not be made available without pleading it. No question was made as to the sufficiency of any of these pleadings, and they need not be noticed further.

The court found, in substance, that in October, 1885, said William R. Nixon rented of said payee, for the term of one year from the 1st of March, 1886, a certain farm in Shelby county, Indiana, by a lease signed by the lessor and the lessee, one of the provisions thereof being that the lessee would pay the lessor one hundred and twenty-five dollars in money for the rent of said farm for said term, sixty-five dollars to be paid September 1st, 1886, and sixty dollars to be paid December 15th, 1886, and that the lessee should execute his notes, with freehold security, to the lessor, for said sums respectively; that the notes in suit were executed in compliance with said provisions of the lease; that the lessee took possession of the farm on or before the first of March, 1886, and continued in possession thereof until after the maturity of the first of said notes, being the one falling due September

1st, 1886, and " until dispossessed as hereinafter found by the court."

It was further found that on the 8th of September, 1886, said first note being due and unpaid, the lessor, the said payee, caused to be served on said William R. Nixon a notice in writing to pay her the rent due and evidenced by said first note, within ten days from the time of service of said notice, and in case of default and failure to pay said rent so due, to deliver up to her the possession of said farm ; that no part of the rent so due was paid within said ten days, and the possession of the farm was not delivered to said lessor, but the lessee continued in possession thereof " until dispossessed as hereinafter found ;" that after the expiration of said ten days' notice said lessor commenced an action before one Thomas Beynon, a justice of the peace of said Shelby county, " for the possession of said farm, and for damages for the detention thereof; and in said suit such proceedings were had that " on the 4th day of October, 1886, said lessor recovered judgment against said lessee " for the possession of said farm, and for one hundred dollars damages for the detention thereof," with costs; that on the 5th of October, 1886, said justice issued a writ of restitution on said judgment, and delivered the same to a proper constable of said Shelby county, to execute ; that on the 7th of October, 1886, " said constable made his return of said writ, in writing, to the effect that he had duly executed the same by removing the said William R. Nixon from said farm, and placing said Hannah C. Stewart in possession thereof, and that he had also collected the full amount of said judgment and returned the receipt of said Hannah C. Stewart in full therefor."

It was further found that at the time of the trial of said suit for the possession of said farm, said Hannah C. Stewart, then the holder of said notes given as aforesaid for the rent of the farm, delivered both of said notes to said justice, and they remained in his custody until some time in the autumn of 1887, and only a short time before this suit was instituted

on said notes; that when the notes had been held by the justice nearly a year, said payee gave the appellant permission to request the justice to deliver them to the appellant; that upon request of the appellant said justice did deliver said notes to the appellant, who then took them to said payee, and she thereupon indorsed or assigned them to the appellant; that the payee received no consideration whatever, and was not promised any consideration, for the notes or for said assignment thereof, and that at the time of the assignment the appellant did not regard the notes as possessed of value.

It was also found that an erasure had been made across the back of each of the notes, but that the evidence failed to show when or by whom the erasures were made, or what had been erased.

The finding described the notes, and stated to what sums they amounted at the time of the finding. There were other matters in the finding which need not be recited for the purposes of our decision.

The court stated conclusions of law in favor of the appellee. The only portion of the conclusions to which it is necessary to make particular reference is as follows:

"The notes in suit in this action were merged in the judgment rendered by said Justice Beynon for the possession of the farm for the rent of which they were given, and for the damages for the detention of the said farm, and the satisfaction of said judgment by the said Hannah C. Stewart extinguished the debt as evidenced by said notes."

In a case where notice to quit for refusal or neglect to pay rent due is applicable, its effect is to determine the lease, unless the rent be paid at the expiration of the ten days following the service of the notice. Section 5211, R. S. 1881.

If the lease be so determined, and the landlord, in pursuance of such notice, be entitled to possession of the premises, he may have the " tenant, who shall unlawfully hold over," removed, on complaint before a justice of the county, "speci-

fying the matters relied on to justify such removal and the damages claimed for detention," etc.   Section 5225, R. S. 1881.

In such case, if the verdict, or finding, be for the plaintiff, judgment shall be rendered thereon, "that he have possession of said premises, and recover the damages assessed and his costs; and, if required by such plaintiff or agent, the justice shall issue a writ, directed to some constable of the county, commanding him to deliver said premises to said plaintiff, by removing the defendant and his goods therefrom, or otherwise, so that the plaintiff have complete possession thereof, and also to levy such damages and costs of the goods of said defendant as might be done by virtue of a writ of *fieri facias.*"   Section 5231, R. S. 1881.

On the trial, either before the justice, or on appeal to the circuit court, " the damages for the detention of the premises, shall be estimated up to the time of each trial."   Section 5236, R. S. 1881.

If the rent be not paid at the expiration of the ten days' notice to quit for non-payment of rent due, the lease is determined, the relation of landlord and tenant is ended, and the holding over is an unlawful possession, to deprive the occupant of which the summary proceeding is provided by the statute.

The proceeding is possessory in its nature.   The wrongful possession of the defendant is of the gist of the action.   The proceeding sounds in tort.   In the detention of the premises after such termination of the tenancy, the occupant is a tortfeasor.   *Hinsdale* v. *White*, 6 Hill, 507.

In *Stuyvesant* v. *Davis*, 9 Paige Ch. 427, it was held that a landlord, after he had re-entered for a forfeiture of the lease, might recover the rent which accrued previous to such forfeiture, in an action of debt or an action upon the covenant in the lease; that he could not, however, recover as landlord for any rent due after that time, but must be left to his remedy for mesne profits against the lessee or other per-

son who had held the possession of the premises adversely to his claim.

It was held in *Featherstonhaugh* v. *Bradshaw*, 1 Wend. 134, that an action of assumpsit for use and occupation would not lie against a tenant holding over after the expiration of his term, where statutory proceedings were instituted to turn him out of possession, and judgment for possession was rendered; that a proceeding under the statute was in the nature of an action of ejectment, by which the relation of landlord and tenant is disavowed, and the defendant is treated as a trespasser; and that the plaintiff probably had his remedy by an action of trespass for the mesne profits.

Where a tenant had been put out of possession by summary proceedings under a statute providing that when the warrant for removal should issue the contract or agreement for the use of the premises, if any such existed, and the relation of landlord and tenant between the parties should be deemed to be cancelled and annulled, it was held that the rent which was due when the warrant issued could be recovered in an action on the contract, but that from the time of the issuing of the warrant the tenant was to be considered as a trespasser, so that a sum proportionable to the rent might be recovered as damages in a proper action for the wrongful detainer. *Hinsdale* v. *White, supra.*

The recovery of damages for the unlawful detention of the premises after the termination of the tenancy is by our statute made an incident of the summary proceeding to recover the possession of the premises. *Whipple* v. *Shewalter*, 91 Ind. 114.

The proceeding is a special one, in which the jurisdiction of the justice of the peace territorially is co-extensive with the county, and as to the amount involved is unlimited. *Sturgeon* v. *Hitchens*, 22 Ind. 107; *Scott* v. *Willis*, 122 Ind. 1.

When the tenancy has been terminated in this manner, the landlord is entitled not only to recover damages for the subsequent unlawful detention of the property, but also to re-

cover the rent which accrued prior to the determination of the lease, while the possession was held thereunder lawfully, and which remains due and unpaid.   *Whipple* v. *Shewalter, supra ; Hinsdale* v. *White, supra.*

An action for the recovery of rent so accruing is an action on contract, in which the jurisdiction of the justice of the peace is limited, in a contested case, to the amount of two hundred dollars.   Section 1433, R. S. 1881 ; *State, ex rel.,* v. *Forry,* 64 Ind. 260 ; *Calloway* v. *Byram,* 95 Ind. 423 ; *Second Nat'l Bank* v. *Hutton,* 81 Ind. 101.

If the defendant in such an action before a justice of the peace be a resident of this State, and do not waive the question of jurisdiction, the action must be brought in the township where he resides, unless commenced by *capias ad respondendum,* or unless there be no justice competent to act in such township.   Sections 1431, 1432, R. S. 1881 ; Acts of 1885, p. 230.

The statute providing the summary proceeding under consideration does not contemplate the recovery therein of rent accrued on contract ; but where the complaint, besides conforming to the statute (section 5225, R. S. 1881), shows also a cause of action for the recovery of rent accrued before the possession of the defendant became unlawful, and the court does not cause separate actions to be docketed, the result reached in the trial court can not be interfered with by this court because of such joinder of causes of action ( *Whipple* v. *Shewalter, supra ; Spahr* v. *Nicklaus,* 51 Ind. 221) ; and the practice of seeking and obtaining, in the summary proceeding, the recovery of rent accrued before the termination of the tenancy is not uncommon.

In describing the cause of action and the judgment before Justice Beynon, the finding follows substantially the language of the statute providing for the summary proceeding.

It is found that the lease provided for the payment of rent in a certain amount for the term, in specified instalments, and that the lessee should make his promissory notes, with

Campbell *v.* Nixon.

freehold security, to the lessor for said instalments ; and it is found that the notes in suit were made in compliance with such provision. The notes were negotiable by the law merchant.

It does not appear that in the summary proceeding there was any attempt on the part of the lessee to restrict the lessor to her remedy upon the notes. They were still in the possession of the payee. She did not treat them as having been given and received in payment and discharge of the rent for the term. She resorted to a remedy of a landlord for non-payment of rent due, when only one of the notes was due, by terminating the tenancy and recovering the possession of the premises through summary proceedings.

Whatever might have been a proper result if the lessee had insisted upon a resort to the remedy on the notes alone, they seem to have been treated by the payee as collateral security for the rent provided for in the lease.

When for non-payment of rent a tenant has been removed from the premises by summary proceedings under the statute, he can claim exemption from liability for rent as such for so much of the term as has elapsed after the termination of the relation of landlord and tenant ; and in a suit against said William R. Nixon on the lease for rent, only the rent accrued up to the determination of the lease could be recovered. *Hinsdale* v. *White, supra; Whitney* v. *Meyers,* 1 Duer, 266 (276).

In such case it would be proper to require negotiable paper given and received as collateral security for the rent for the term, and still in the hands of the lessor, to be brought into court and surrendered for cancellation.

In *Thurston* v. *Blanchard,* 22 Pick. 18, an action of trover to recover the value of goods obtained by the defendant from the plaintiffs through a sale effected by false and fraudulent representations of the defendant, a negotiable note had been given by the defendant for the purchase-price. The note had remained in the possession of the plaintiffs, and they

Campbell *v.* Nixon.

produced it at the trial, and offered to give it up or to put it on the files of the court. The defendant declining to take the note, it was placed on the files. The court said that if it had not been negotiable, there would have been no necessity of returning it; that it would have been nothing more than an express promise to pay for the goods, and would have been avoided with the sale; also, " that a note, though payable to order, whilst it remains in the hands of the promisee, the vendor of the goods, is to be put on the same footing, and that the delivering it up was not a condition precedent to bringing the action. If not produced at the trial, to be surrendered, it might be presumed that it had been negotiated, and that would have been a bar to the action, upon the rule," that if the vendor under such circumstances would rescind the contract and take back his property, if he has received a valuable consideration, he must restore it. The court further said: " It is somewhat analogous to a class of cases, which, though they do not arise here on account of our rule, treating a negotiable note given for goods sold as payment, yet are common in England and New York, where a different rule prevails. When a note is given on a sale of goods, but is not paid at maturity, the action is brought for goods sold, and the note is produced at the trial, to be surrendered, and to show that it is not outstanding. If not thus produced, the presumption would be, that it had been negotiated and was outstanding; and if it was so, the vendor could not recover as for goods sold. * * If not outstanding, such negotiable security would be deemed as only a collateral promise for the payment of the goods, and need not be tendered before bringing the action for goods sold and delivered."

In an action of assumpsit by a landlord for use and occupation, where a note given by the tenant for rent was filed with the clerk and by him was indorsed as cancelled, it was held that the election of the landlord to put his right to recover on the ground of use and occupation was an abandon-

ment of the note and evidence of the landlord's assent to its cancellation. *Cornell* v. *Lamb*, 20 Johns. 407. See, also, as illustrative of the subject under discussion, *Woodbridge* v. *Richardson*, 2 Thomp. & C. 418 ; *In re Brown & Ten Eyck*, 12 Bankr. Reg. 529 ; *Lofsky* v. *Maujer*, 3 Sandf. Ch. 76 ; *Atkins* v. *Byrnes*, 71 Ill. 326 ; *Whitney* v. *Meyers, supra ; Howland* v. *Coffin*, 9 Pick. 52 ; *Smith* v. *Bettger*, 68 Ind. 254.

The finding before us is defective, because of statements of evidence instead of facts. Concerning the removal of William R. Nixon from the farm, and the collection of the amount of the judgment, and the receipt thereof by Hannah C. Stewart, only evidence is stated, the evidence furnished by the constable's return. This is the " satisfaction of said judgment " assumed in the conclusions of law.

The finding creates the impression that in the summary proceeding the rent was included in the judgment, notwithstanding the statement that the judgment was for the possession of the premises, and damages for the detention thereof.

The rent fixed by the lease for the term of one year was one hundred and twenty-five dollars. The judgment in the summary proceeding was rendered within less than one month after the lease was determined.

Damages for the mere detention of the premises would be in a sum proportionable to the rent. *Hinsdale* v. *White, supra ; Rothschild* v. *Williamson*, 83 Ind. 387.

The finding shows that the lessor, still holding the notes, brought them in at the trial of the summary proceeding, and " delivered " both of them to the justice of the peace, and that they remained in his " custody " for about a year, and until a short time before the commencement of the action on them by the appellant, to whom the justice " handed " and " delivered " them, both of them being long past maturity, the payee having given the appellant permission to request the justice to deliver them to the appellant, who took them to the payee, who thereupon indorsed them

Campbell v. Nixon.

to the appellant, without consideration, he at the time not regarding them as possessed of value.

Notwithstanding the fact that the notes were negotiable by the law merchant, if in an action by the lessor against the lessee the notes, still in the hands of the former, were treated by the parties, and by the court, as collateral security for the rent, and were surrendered for the use of the lessee, or for cancellation, the subsequent indorsement of the notes by the lessor, after their maturity, could confer no right of action upon the indorsee.

If the court regarded the evidence as establishing that the notes were brought into the trial and delivered to the justice or filed for the defendant's use, or surrendered and cancelled, or surrendered as paid and satisfied, it should have been so found, and the appellee was entitled to a finding on the evidence relating to this matter of fact.

The finding that the action and the judgment against William R. Nixon, before the justice, were merely for the recovery of the possession of the farm, and damages for the detention thereof, did not support the conclusion of law stated by the court that the notes in suit were merged in that judgment.

Though we can not sustain the conclusions of law stated, it does not follow that we are compelled to sanction an apparent injustice by requiring the court below to state conclusions of law in favor of the appellant. *Parker* v. *Hubble*, 75 Ind. 580; *Yerkes* v. *Sabin*, 97 Ind. 141; *Buchanan* v. *Milligan*, 108 Ind. 433; *Western Union Tel. Co.* v. *Brown*, 108 Ind. 538 (545); *Brown* v. *Jones*, 113 Ind. 46, 50.

The judgment is reversed, with costs, and the cause is remanded, with instruction to grant a *venire de novo*, if a motion therefor be made by the appellee; but if such motion be not made, then to set aside the conclusions of law against the appellant, and to enter one in his favor, and to render judgment accordingly.

Filed June 9, 1891; petition for a rehearing overruled October 3, 1891.