O'DAY *v.* HANES ET AL.

[No. 16,715.  Filed March 24, 1942.  Rehearing denied May 8, 1942.  Transfer denied June 9, 1942.]

618

*C. Byron Hayes* and *Otto E. Grant,* both of Fort Wayne, for appellant.

*Raymond Brooks,* of North Manchester, for appellees.

CURTIS, J.—This is an action by the appellees to recover rent under an alleged written lease of real estate, entered into by the appellees as lessors with the appel‹ lant as lessee. The issues were formed by the appellees' complaint in the Allen Superior Court, No. 2, for rent alleged to have accrued up to the time the said complaint was filed and a supplemental complaint, to recover further rent under said lease contract, subsequent to the filing of the original complaint. To this complaint and supplemental complaint the appellant filed an answer in five paragraphs, the first a general denial; the second a paragraph of partial answer to the effect that the lessors had no interest in the premises leased,

and that the same was owned by Wabash County, and that the attempt to lease said premises by said county to the appellees was null and void and against public policy. The third paragraph of answer was to the effect that the lease from Wabash County to the appellees was unreasonable, unconscionable and unlawful, and therefore, null and void. The fourth paragraph of answer was by way of cross-complaint, and under the record, as it is presented to us, this paragraph of answer will not need to be further considered. The fifth paragraph of answer sets up in detail that in an action tried in the Kosciusko Circuit Court, which was filed subsequent to the instant case but which was tried and decided prior to the date of the trial of the instant case, the appellees sought and obtained judgment and enforced the same by execution against appellant for damages for wrongfully withholding from the appellees the possession of said premises, and that in said action the parties were the same, the premises identical, and the time of occupancy substantially the same, and that in the trial of said cause in the Kosciusko Circuit Court that court found that the holding of said premises during the period involved was unlawful, and that the rental value was the measure of damages. The appellant alleges that the parties to the instant case were bound by the said judgment, and that the appellees by prosecuting the said trial and judgment in the Kosciusko Circuit Court made an election of remedies by which they are now bound, and that they therefore should be estopped from recovering in the instant action. To these affirmative paragraphs of answer the appellees replied in general denial, thus closing the issues.

Upon the issues thus made, the matter was submitted to the court for trial without the intervention of a jury. Upon proper request, the court made a special finding

of facts and stated its conclusions of law which were in favor of the appellees. The judgment was for the appellees and in accordance with the said conclusions of law.

The appellant in due time filed a motion for new trial which was overruled.

From the above judgment, this appeal has been prosecuted, the error relied upon being the ruling of the court on said motion for new trial and alleged error as to each of the seven conclusions of law stated by the court, except conclusion of law numbered 3, which is not included in the errors relied upon as set out in the appellant's brief. In the latter part of appellant's brief, under Propositions and Authorities, the appellant claims there was error in the said third conclusion of law, but since the errors relied upon omit the said conclusion there is nothing to which the claimed error in the latter part of the brief can be applied. The causes or grounds of the motion for new trial are that the decision of the court is not sustained by sufficient evidence, is contrary to law, and that the assessment of the amount of recovery is erroneous, being too large.

The first conclusion of law was that the law is with the plaintiff; the second that the lease contract between the board of commissioners of Wabash County and the appellees are valid contracts and binding on the parties thereto; the fourth conclusion was in effect that the appellees by instituting said suit in the Wabash Circuit Court for the possession of the real estate described in the complaint and for wrongful detention thereof, which was filed on December 21, 1936, thereby severed the relation of landlord and tenant created by the contracts of lease heretofore mentioned, and that the plaintiffs cannot recover from the appellant in this action for rent after said 21st day of December, 1936. The

fifth conclusion of law is that rent had accrued under the lease between the parties hereto and was due and unpaid up to December 21, 1936, when said suit was filed in the Wabash Circuit Court in the sum of $1,035.00, but that the sum of $400.00, being the amount paid by the defendant on the judgment of the Kosciusko Circuit Court, said judgment being on the said complaint filed in the Wabash Circuit Court, should be deducted from the sum of $1,035.00 leaving a balance due the appellees in the sum of $635.00 for which sum the appellee should recover judgment. Conclusion number 6 in a large measure follows the previous conclusions and need not be repeated. The seventh conclusion of law is that the plaintiffs are entitled to costs.

We see no merit in the contention of the appellant to the effect that the lease from the board of county commissioners to the appellees was void, and, therefore, that the lease from the appellees to the appellant was of no force and effect. It is to be remembered in connection with this contention that the appellant had possession of the real estate under said leases with the appellees, and that he occupied it as a tenant for all of the period of time mentioned in the complaint. He is in no position, therefore, to complain that the lease under which he held and used the property was not valid.

The second and major contention of the appellant is that the appellees made an election by their said suit for possession of said real estate and damages, and that due to said election the instant suit cannot be maintained. In connection with this contention of the appellant, it should be pointed out, however, that the action in the instant case was filed on October 31, 1935, and the action which was filed in the Wabash Circuit Court, which the appellant contends amounted to an election,

was filed on the 21st of December, 1936, which was approximately fourteen months after the action in the instant case was commenced. The trial court in the instant case found that the action filed on the 21st of December, 1936, was for the possession of said real estate and damages, and that the case at bar is for recovery of rent under the written contracts set out in the court's finding, and that they were not for the same cause of action. In conclusion of law number 3, which has not been attacked by the appellant, the court concluded: "That the cause of action brought by the plaintiffs herein against the defendant herein in the Circuit Court of Wabash County in the month of December, 1936, was an action for the possession of the real estate described in the complaint herein and for damages for the wrongful detention thereof, and the case at bar is an action for the recovery of rent brought by the plaintiffs against the defendants under the written contract set out in finding number 2, and that said complaints were not for the same cause of action." In finding number 5 the court finds as follows: "I find that there is due the plaintiffs from defendant as rent under the terms of the contracts as follows: March, 1934, $50.00; May to December, 1935, inclusive, eight months at $50.00, total $400.00; eleven months of the year of 1936 at $50.00 a month, $550.00; twenty days in December, 1936, $35.00, making a total due and unpaid of $1,035.00." The court in conclusion number 4 held that said complaint, filed on the 21st day of December, 1936, severed the relation of landlord and tenant created by the lease contracts between the plaintiffs (appellees) and the defendant (appellant), and that the plaintiffs can recover no rent from the defendant herein in the instant case from and after December 31, 1936. In conclusion number 5 the court decided

that up until December 31, 1936, there was due as rent to the appellees from the appellant the sum of $1,035.00 but that the sum of $400.00, being the amount paid by the appellant on the judgment heretofore referred to as the judgment in the suit for possession and damages, should be deducted from the said sum of $1,035.00 leaving a balance due to the appellees from the appellant in the sum of $635.00. The judgment in the instant case was in accordance therewith and for the amount of $635.00, together with costs. There can be no doubt but that the trial court in its judgment in the instant case arrived at the correct amount due from the appellant to the appellees, based upon the rental for the actual months of occupancy, but the appellant says that when the appellees pursued the second suit filed to judgment and were paid the amount of the judgment, to wit, $400.00, that this action on their part constituted either *res adjudicata* or what would amount to an election, and that, therefore, they are not in a position to insist upon said judgment for $635.00 in the instant case. The appellees, however, point out that since the instant case was filed some fourteen months before the second case was filed and was pending at the time of trial of said second suit, that if the appellant had any defense such as election or waiver on the part of the appellees, that the appellant should have set that up as a defense in said second suit, or at least by a plea in abatement, and that since he suffered a judgment against him from which he did not appeal, that he is not in a position now, in the instant case, to assert such a defense. The trial court had before it the pleadings and the finding of facts and the conclusions of law in said second suit, and with all of these matters before it, together with the evidence introduced in the instant case, evidently concluded that

the last filed suit was a suit for the tortious and unlawful holding over and for damages, and that the suit in the instant case was for rent due the appellees up to the time of filing of said suit for possession and damages, and that the two suits are not two inconsistent remedies for the same cause of action.

The final question, therefore, for determination is whether or not, under the facts found, the appellees in the instant case are, as a matter of law, barred from the recovery of the rent properly due them by their subsequent suit for the possession of said real estate and damages which was the basis of the second suit filed some fourteen months after the instant action was commenced, as we have pointed out.

The statutes to be considered together with their effect on the instant action are § 3-1601 to § 3-1612 inclusive, Burns' 1933, governing the subject of suits for possession by a landlord when a tenant holds over. These sections of the statute are identical with § 5225 to § 5236 inclusive, of the Revised Statutes of Indiana (1881), which latter mentioned statutes were in force and effect in this State when the case of *Whipple* v. *Shewalter* (1883), 91 Ind. 114, 117, was decided. The opinion in that case was written by Black, Commissioner, he being at that time one of the Supreme Court Commissioners of this State. He in 1891 was appointed one of the first five judges of the Appellate Court of Indiana, and wrote the opinion of *Campbell* v. *Nixon* (1891), 2 Ind. App. 463, 465, 28 N. E. 107. These two cases are no doubt the two leading cases in this State upon the question in controversy in the instant case. In the Whipple case, *supra,* the appellee sued the appellant to recover possession of real estate unlawfully held over by the latter after the termination of his tenancy by a ten days' notice to quit for nonpayment of rent

and to recover damages for the unlawful detention of the premises and for unpaid rent accrued before the termination of the tenancy. The case was tried before a jury which returned a verdict for the appellee assessing his damages at $192.41. That part of the said opinion which throws light upon the instant case related to the sixth and eighth instructions given to the jury. In the sixth instruction, the court, after describing how a tenancy may be terminated for nonpayment of rent by notice and failure to pay, told the jury that where a tenancy has been so terminated the landlord would be entitled " 'to the possession, and to recover his rent due and unpaid, and damages for the detention of premises after the termination of the lease.' " In the eighth instruction it was said that in determining what amount of damages, if any, the plaintiff was entitled to recover " 'you should consider the amount of rent, if any, due at the time said lease was terminated, to which you should add such damages as have accrued to the plaintiff by reason of the unlawful detention after the expiration of the lease.' " In passing upon the two instructions above mentioned, the court said: "It is contended, by way of objection to these instructions, that in an action by a landlord against his tenant, holding over after the determination of the tenancy by notice to quit for non-payment of rent, the measure of damages is the reasonable rental value of the premises, from the time at which the holding became unlawful until the time of trial; and that the appellee could not recover in this action the rent due and unpaid at the time at which the holding became unlawful."

"It is true, that where a tenancy has been so terminated, the landlord is entitled to recover damages

for the unlawful detention, and that he is also entitled to recover rent due and unpaid which accrued while the holding was lawful. It is also true, that the recovery of damages for the unlawful detention is, by the statute, made an incident of the summary proceeding to recover the possession of the premises. . . ."

"In the appellee's complaint he showed a right of action for rent accrued under the lease, and also showed a right of action for the recovery of the possession of the premises and damages for the unlawful detention thereof. If this was a misjoinder of causes of action, the defendant, by demurring to the complaint for such ground of demurrer, would have procured the docketing of separate actions, if the demurrer had been sustained; if it had been overruled, this court could not have reversed the judgment because of such ruling. . . ."

"The cause having gone to trial upon such complaint, it was not error to instruct the jury as was done in the sixth and eighth instructions." The judgment of the lower court was affirmed.

In the Campbell case, *supra*, the action was upon two promissory notes made by William R. Nixon, tenant, and John Nixon, surety, payable to the landlord in a bank in this State and endorsed after maturity by the said landlord to the plaintiff in that suit. Upon proper request, the court made a special finding of facts and stated conclusions of law thereon. These were favorable to the maker of the notes who was the tenant, and judgment was rendered accordingly. Upon appeal, this judgment was reversed. We now quote from the said opinion as follows:

"The court found, in substance, that in October, 1885, said William R. Nixon rented of said payee, for the term of one year from the 1st of March, 1886, a certain farm in Shelby county, Indiana, by a lease

signed by the lessor and the lessee, one of the provisions thereof being that the lessee would pay the lessor one hundred and twenty-five dollars in money for the rent of said farm for said term, sixty-five dollars to be paid September 1st, 1886, and sixty dollars to be paid December 15th, 1886, and that the lessee should execute his notes, with freehold security, to the lessor, for said sums respectively; that the notes in suit were executed in compliance with said provisions of the lease; that the lessee took possession of the farm on or before the first of March, 1886, and continued in possession thereof until after the maturity of the first of said notes, being the one falling due September 1st, 1886, and 'until dispossessed as hereinafter found by the court.' "

"It was further found that on the 8th of September, 1886, said first note being due and unpaid, the lessor, the said payee, caused to be served on said William R. Nixon a notice in writing to pay her the rent due and evidenced by said first note, within ten days from the time of service of said notice, and in case of default and failure to pay said rent so due, to deliver up to her the possession of said farm; that no part of the rent so due was paid within said ten days, and the possession of the farm was not delivered to said lessor, but the lessee continued in possession thereof 'until dispossessed as hereinafter found;' that after the expiration of said ten days' notice said lessor commenced an action before one Thomas Beynon, a justice of the peace of said Shelby county, 'for the possession of said farm, and for damages for the detention thereof; and in said suit such proceedings were had that' on the 4th day of October, 1886, said lessor recovered judgment against said lessee 'for the possession of said farm, and for one hundred dollars damages for the detention thereof,' with costs; that on the 5th of Octo-

ber, 1886, said justice issued a writ of restitution on said judgment, and delivered the same to a proper constable of said Shelby county, to execute; that on the 7th of October, 1886, 'said constable made his return of said writ, in writing, to the effect that he had duly executed the same by removing the said William R. Nixon from said farm, and placing said Hannah C. Stewart in possession thereof, and that he had also collected the full amount of said judgment and returned the receipt of said Hannah C. Stewart in full therefor.'

"It was further found that at the time of the trial of said suit for the possession of said farm, said Hannah C. Stewart, then the holder of said notes given as aforesaid for the rent of the farm, delivered both of said notes to said justice, and they remained in his custody until some time in the autumn of 1887, and only a short time before this suit was instituted on said notes; that when the notes had been held by the justice nearly a year, said payee gave the appellant permission to request the justice to deliver them to the appellant; that upon request of the appellant said justice did deliver said notes to the appellant, who then took them to said payee, and she thereupon indorsed or assigned them to the appellant; that the payee received no consideration whatever, and was not promised any consideration, for the notes or for said assignment thereof, and that at the time of the assignment the appellant did not regard the notes as possessed of value."

One of the conclusions of law stated by the trial court in the Campbell case, *supra,* at p. 467, was that: " 'The notes in suit in this action were merged in the judgment rendered by said Justice Beynon for the possession of the farm for the rent of which they were given, and for the damages for the detention

of the said farm, and the satisfaction of said judgment by the said Hannah C. Stewart extinguished the debt as evidenced by said notes.'" This conclusion of law was held to be erroneous and the judgment reversed for that reason. The court in disposing of the matter, in speaking of the action for possession of real estate and for damages for the detention thereof by the tenant after his possession became unlawful, we think correctly held that the proceeding under said statutes is possessory in its nature and that the wrongful possession of the defendant is of the gist of the action; that the proceeding sounds in tort; that in the detention of the premises after the termination of the tenancy, the occupant is a tort-feasor, and that the recovery of damages for the unlawful detention of the premises after the termination of the tenancy is by our statute made an incident of the summary proceedings to recover the possession of the premises; that the proceeding is a special one, and that, when the tenancy has been terminated in this manner, the landlord is entitled not only to recover damages for the subsequent unlawful detention of the property, but also to recover the rent which accrued prior to the determination of the lease, while the possession was held thereunder lawfully, and which remains due and unpaid. It was also held, at page 470, that since an action for the recovery of rent so accruing is an action on a contract, that: "The statute providing the summary proceeding under consideration does not contemplate the recovery therein of rent accrued on contract; but where the complaint, besides conforming to the statute (section 5225, R. S. 1881), shows also a cause of action for the recovery of rent accrued before the possession of the defendant became unlawful, and the court does not cause separate actions to be docketed, the result reached in the trial

court can not be interfered with by this court because of such joinder of causes of action (citing cases) ; and the practice of seeking and obtaining, in the summary proceeding, the recovery of rent accrued before the termination of the tenancy is not uncommon."

The court further said, at page 473: "The finding creates the impression that in the summary proceeding the rent was included in the judgment, notwithstanding the statement that the judgment was for the possession of the premises, and damages for the detention thereof. . . . The finding that the action and the judgment against William R. Nixon, before the justice, were merely for the recovery of the possession of the farm, and damages for the detention thereof, did not support the conclusion of law stated by the court that the notes in suit were merged in that judgment." As stated before, the judgment was reversed.

The finding in the instant case is clearly that the said suit for possession and damages, and the suit in the instant case, are upon two separate and distinct causes of action, and not two inconsistent remedies for the same cause of action. This being true, the appellant's contention as to an election of remedies is of no avail to him. We think that this finding was sustained by competent evidence, and we further think that the conclusion of law reached by the trial court in the instant case to the effect that the appellees were entitled to a judgment for the rent found due from the appellant is supported by the law, notwithstanding the said judgment and its satisfaction for the unlawful detention of the property and damages.

We have serious doubt about the right of the trial court to set off the said judgment of $400.00 which was

paid by the appellant to the appellees for rent, but the appellant is in no position to complain of that action of the court which was in his favor. The appellees have not assigned any cross-errors. We, therefore, give it no further consideration. All of the errors assigned are covered and included in the conclusion we have stated above, and need not be discussed separately and further.

It is well to point out that § 3-1602, Burns' 1933, provides that: "Circuit courts shall have concurrent jurisdiction with justices of the peace in actions of forcible entry and detainer, and against tenants holding over."

Upon the authority of the two cases heretofore cited and quoted from, which have been recognized as the law on the subject of the inquiry herein for a long period of time, and upon reason, we conclude that the judgment should be affirmed. Judgment affirmed.

Flanagan, J., not participating.

NOTE.—Reported in 40 N. E. (2d) 366.