METROPOLITAN LIFE INSURANCE COMPANY v. BOWSER.

[No. 2,265. Filed April 21, 1898. Rehearing denied June 30, 1898.]

JUSTICES OF THE PEACE.—*Pleading.*—The complaint in a civil action originating before a justice of the peace will be treated as sufficient

Metropolitan Life Insurance Company *v.* Bowser.

upon demurrer thereto for want of facts upon appeal to the circuit court, if it contain enough to inform the defendant of the nature of the plaintiff's claim, and be so explicit that a judgment thereon will bar another suit for the same cause of action. *p. 562.*

INSURANCE—*Action to Recover Premiums Paid.*—An action to recover premiums paid on an insurance policy, on the ground that the policy is void *ab initio,* is not founded upon the policy. *p. 562.*

SAME—*Action to Recover Premiums Paid on Void Policy.*—Payments of premiums on a policy of insurance which is void *ab initio* are not regarded as voluntary, and are recoverable as money had and received to the plaintiff's use. *p. 562.*

SAME.—*Return of Premiums.*—The question of the liability of an insurance company to return premiums paid on a policy of insurance depends upon whether there was a contract of insurance under which the risk was run by the insurer in favor of the insured. *p. 563.*

SAME.—*Action to Recover Premiums Paid.—Complaint.—Sufficiency.*—A complaint in an action before a justice of the peace to recover premiums paid on a policy of insurance, on the ground that the policy was void in that the application was not signed by the person whose life was insured, was sufficient to apprise defendant of the nature of the claim and to bar another suit for the same cause, and was good against a demurrer, although it was not averred that there was any rule of the company requiring such signature. *pp. 563, 564.*

PRACTICE.—*Appeals from Justices of the Peace.—Pleading.*—The rules of pleading before justices of the peace permitting all defenses to be made without plea, except the statute of limitations, set-off, matter in abatement, and the denial of the execution or the assignment of a written instrument, are applicable in the circuit court on appeal from justices, and no error was committed in sustaining a demurrer to paragraphs of answer setting up matters in defense not within such exceptions in a cause appealed from a justice of the peace. *p. 564.*

INSURANCE.—*Action to Recover Premiums Paid.—Special Finding.*—A special finding in an action to recover premiums paid on an insurance policy on the ground that such policy was void on account of the insured having failed to sign the application is not sufficient to sustain a judgment for plaintiff, where it is not found that the policy was void by reason of the application not being signed. *pp. 565-568.*

SPECIAL FINDING.—*Practice.*—Where a special finding is silent as to any fact it will be treated as a finding against the party having the burden of proving such fact. *p. 568.*

From the Allen Circuit Court. *Reversed.*

Metropolitan Life Insurance Company *v.* Bowser.

*Zollars & Worden,* for appellant.

*H. I. Smith* and *R. B. Dreibelbiss,* for appellee.

BLACK, J.—The appellee brought her action against the appellant before a justice of the peace to recover back certain amounts paid by her as premiums upon six policies of insurance. On appeal from the justice, an amended complaint was filed in the court below in six paragraphs. A demurrer to each paragraph for want of sufficient facts was overruled.

In the first paragraph it was stated that the appellant was a life insurance company, organized under and pursuant to the laws of the state of New York, and was doing a life insurance business in the city of Fort Wayne, Allen county, Indiana; that it had its regular established agency at that city for the purpose of soliciting insurance for the appellant; that on or before the 5th day of March, 1894, the appellant by its agent doing business for the appellant in said city, importuned the appellee to take out an insurance policy upon the life of one Daisy M. L. Bowser, "who is a minor," said agent representing to appellee that the same could be had upon said life, and that the application for the same need not be signed by the insured; whereupon an application was made upon said life, and the same was signed by some person other than the appellee or said Daisy M. L. Bowser, in the name of said Daisy M. L. Bowser; that on the 5th day of March, 1894, the appellant issued policy No. 9,545,-315 upon the life of said Daisy M. L. Bowser to appellee for $128.00, with a payment of a weekly premium of ten cents; that the appellee paid said premiums as the same became due, and had paid the same up to and including April 15, 1895; that appellee had done everything on her part to be performed; that on the —— day of ————, 1895, the appellant notified the

appellee that said policy had been illegally issued, and was void, and that the appellant had lapsed the same for said reason, whereupon the appellee demanded of the appellant that the amount of said premiums so paid be returned to her; that the appellant refused and still refuses so to pay; that appellee could not more specifically state the day of "said cancelation;" that there had been paid by appellee on said policy, in weekly payments, the sum of $6.00; that said policy was void for the reason that the application for said policy was never signed by the assured; that the appellant had had the use of the money so paid in, and that the interest for the equated time of said payments was thirty cents; that there was due and unpaid to the appellee said sums, amounting to $6.30; wherefore, etc.

The second paragraph of the amended complaint, after introductory matter like that in the first, alleged that, on or before the 8th day of May, 1893, the appellant, by its agent doing business for said company in said city, importuned the appellee to take out an insurance policy upon the life of one George Killen, said agent representing to appellee that the same could be had upon said life without his knowledge or consent, and that the application for the same need not be signed by the insured, upon which the appellee relied, whereupon an application was made upon said life, and the same was signed by some person other than said Killen, "who was and is now unknown to plaintiff," in the name of said Killen, and upon the 8th day of May, 1893, the appellant issued policy No. 8,621,343 upon the life of said Killen to the appellee for $122.00, with a payment of a weekly premium of ten cents; that the appellee paid said premiums as they became due, "and has now the same paid in advance" to October 14, 1895; that appellee had done and performed

every thing on her part to be performed; that on the —————— day of ——————, 1895, the appellant notified the appellee that said policy had been illegally issued and was void, and that the appellant had lapsed the same for said. reason, whereupon the appellee demanded of the appellant that the amount of said premiums so paid be returned to her, and that the appellant refused and still refused so to pay; that appellee could not more specifically state the date of said cancelation; that "said policy is void, and that the same is void for the reason that the application for said policy was never signed by the assured, and for the further reason that the plaintiff has no insurable interest in the life insured, neither by blood or marriage or as a creditor, and that the same was void at the time it was issued;" that appellee is an uneducated and ignorant woman and unacquainted with the ways of business; that there had been paid by the appellee on said policy, in weekly payments, the sum of $12.80; that the appellant had had the use of said money as paid in, and interest for the equated time of said payments was eighty-seven cents; that there was due and unpaid to the appellee said sums amounting to $13.67; wherefore, etc.

The third paragraph related to a policy upon the life of one Elizabeth Etzel, the fourth to a policy upon the life of one Henry Guth, the fifth to a policy upon the life of one Caroline Yohey, the sixth to a policy upon the life of one Louisa Guth. All the paragraphs after the second were like it except as to the names of the persons upon whose lives the policies were issued, the dates, the numbers of the policies, the amounts for which the policies were issued and the amounts of the premiums, and, except that in the fourth paragraph after the allegation that the appel-

lee had no insurable interest in the life insured, the words "neither by blood or marriage or as a creditor," or equivalent words were not inserted, and in the sixth paragraph the word "blood" was not used in that connection.

Much indulgence must be extended to pleadings in causes commenced before a justice of the peace. It is well settled that in a civil suit originated before a justice of the peace, a complaint will be treated as sufficient upon demurrer thereto for want of facts, upon appeal in the circuit or superior court, if it contain enough to inform the defendant of the nature of the plaintiff's claim, and be so explicit that a judgment thereon will bar another suit for the same cause of action. *Beineke* v. *Wurgler*, 77 Ind. 468; *Milhollin* v. *Fuller*, 1 Ind. App. 58; *Clifford* v. *Meyer*, 6 Ind. App. 633. Many cases may be found in our reports wherein complaints in causes commenced before justices have been held sufficient when doubt has been expressed as to their sufficiency if tested by the rules of good pleading in causes originating in courts of general jurisdiction.

The action to recover back premiums on the ground that the policy is void *ab initio* is not founded upon the policy. It proceeds rather upon the theory that there is no valid policy, but that the premiums have been paid upon a consideration which has failed. Such payments are not regarded as voluntary, and they are recoverable as money had and received to the plaintiff's use. See *Waller* v. *Northern Assurance Co.*, 64 Ia. 101, 19 N. W. 865. If the risk has not attached, the premium paid (which is dependent upon the risk and regulated by it), in the absence of fraud on the part of the assured, must be returned, for it has not been earned. If there be no fraud of the insured, though there be negligence on his part, he may recover, if

there be no risk run by the insurer. *Jones* v. *Insurance Co.*, 90 Tenn. 604, 18 S. W. 260, 25 Am. St. 706; Joyce on Insurance, section 1390, and cases cited.

The liability to return the premiums paid depends upon whether there is a contract of insurance under which a risk is run by the insurer in favor of the insured. To constitute such a contract there must be parties capable of contracting. If the case could be said to present for consideration a contract of insurance with an infant, such a contract for his benefit is not void, but only voidable at his election. The insurance company in such case could not avoid the policy merely upon the ground of the infancy of the insured. *Monaghan* v. *Agricultural Fire Ins. Co.*, 53 Mich. 238, 18 N. W. 797. Where a minor takes out a policy of insurance on his own life, he can not, on reaching majority, in the absence of fraud and unfairness, recover back premiums paid by him upon the ground alone of his infancy, such a contract not being void. *Johnson* v. *Northwestern Mut. Life Ins. Co.*, 56 Minn. 365, 57 N. W. 934, 59 N. W. 992.

It is alleged in each of the paragraphs of complaint that the policy was void for the reason that the application was not signed by the person whose life was insured. It is also alleged in each paragraph that the appellant had notified the appellee that the policy had been illegally issued and was void, and that the appellant had lapsed the policy for that reason. If the policy was issued subject to a rule of the insurance company that it should be void unless the application were signed by the person upon whose life the policy was issued, and if it may be properly said that a policy issued without compliance with such rule would be only voidable and that compliance might be waived by the insurance company, yet such a waiver would be a matter of defense to be set up by the appellant, and

it here appears in the complaint that the company had not elected to avail itself of the privilege of waiver, but had canceled the policy because illegally issued.

The complaint in each paragraph apprised the appellant that the ground on which the appellee's claim rested, was that the application had not been signed by the person whose life was insured; and though it was not stated that a provision requiring such signature was contained in any rule or regulation, or in the application, or shown that it entered in any manner into the contract, yet we think each paragraph apprised the appellant of the nature of the appellee's claim, and that a recovery would bar another suit for the same cause of action; and we are of the opinion that under the very liberal rule relating to complaints before justices of the peace, we must hold each paragraph sufficient. See *Fisher* v. *Metropolitan Life Ins. Co.*, 160 Mass. 386, 35 N. E. 849; *Fisher* v. *Metropolitan Life Ins. Co.*, 162 Mass. 236, 38 N. E. 503; *Fulton* v. *Metropolitan Life Ins. Co.*, 19 N. Y. Supp. 660.

Before the justice of the peace the appellant filed an answer in one paragraph, being a general denial. In the circuit court the appellant filed an answer in seven paragraphs, each setting up affirmative matter. A demurrer to these seven paragraphs of answer was sustained, the record entry of this ruling stating that the demurrer was sustained, "the answer of general denial having been filed in the justice's court." The rules of pleading before justices of the peace are applicable in the circuit court on appeals from justices, and all defenses except the statute of limitations, set-off, matter in abatement and the denial of the execution or the assignment of a written instrument, may be given in evidence without plea. *Campbell* v. *Nixon*, 2 Ind. App. 463, and authorities cited. Under this rule,

there was no available error in the action of the court upon the demurrer to the answer, which did not in any of its paragraphs contain any matter of defense which could not be shown under the general denial, or without plea.

The cause was tried by the court, and there was a special finding. The appellant has presented for our consideration the question as to the correctness of the court's conclusions of law upon the facts stated in the finding. We understand the complaint as proceeding upon the theory that the policies in question were issued to the appellee upon the lives of other persons, whose lives were insured for her benefit, and not upon the theory that the policies were issued to the persons whose lives were insured, or that the contracts of insurance were made for their benefit. The facts relating to each policy are set out in a separate paragraph of the finding. It is stated in each instance that a policy of the appellant having a specified number was issued on the application, upon the life of a person named, but it is not stated to whom any of the policies were issued or for whose benefit the insurance was contracted. There are no facts in the finding showing affirmatively, with relation to any of the policies, that the appellee did not have an insurable interest in the lives insured. She might have had an insurable interest in each of the lives, so far as appears from the facts stated. It is not shown whether or not the appellant had canceled any of the policies or asserted the invalidity thereof in any manner. There is nothing in the finding upon that subject. It is stated that the appellee paid premiums as they became due, and paid on each policy a certain amount, and that before the bringing of this action she demanded of a certain person, described as an agent and superintendent of agents of the appellant, that the amount of

premiums so paid be returned to appellee, which was refused by the appellant. It is shown in relation to each policy that an agent of the appellant importuned the appellee to take out an insurance policy upon the life of a person named. The persons so named are described respectively as the minor daughter of appellee, her son-in-law, her brother, her two nieces, and the mother-in-law of her niece. It is found in each instance, that the agent represented to the appellee that a policy of life insurance could be had upon the life of the person named without the knowledge or consent of such person, and that the application for such policy need not be signed by such person; that the appellee relied upon the representations made by the agent; that an application of said company for insurance was prepared by said agent at that time upon the life of such person without his knowledge or consent, and the name of such person was attached thereto, but it was not signed by such person or by the appellee; that on a day stated, in pursuance of the application, the appellant issued a Metropolitan Life Insurance Company policy of a number mentioned upon the life of such person and upon said application, with a payment of a weekly premium of a specified sum; that said policy was issued upon said life without the knowledge or consent of such person, who was ignorant of the same up to the time of the bringing of this action, except that as to said minor daughter, the policy on whose life was issued on the 5th day of March, 1894, the premiums on which were paid by the appellee to the 15th of April, 1895, it was found that about a year after the issuing of the policy, and when the daughter was about eighteen years of age, she was induced by an agent of the appellant to sign, and did sign, a supplemental application for the policy so issued on her life, upon the representation of the agent

that as the policy was void because she had not signed the original application, to make the policy good it was necessary for her to sign a supplemental application prepared by the appellant for that purpose. There is no finding that there was any requirement in the application, or by any rule or by-law or otherwise, that the application for insurance upon the life of one person for the benefit of another, to whom the policy was to be issued should be signed by the person whose life was to be insured.

If, as is sufficiently shown by the finding, the contracts were made in good faith on the part of the appellee (without which there could be no recovery in such an action as this), the policy issued to her would not be void merely because the persons whose lives were insured did not sign the applications (which was the ground of invalidity relied upon in the complaint), in the absence of any requirement that they should so sign. The form of the application is not given. The application does not appear to have been in the form of a proposal from the person whose life was insured, and it is not shown in what connection or for what purpose the name of such person was attached, or that there was even in the form of the application an indication that it was to be attached. Supposing the parties to the contracts to have been the appellant on the one side and the appellee upon the other, the former being represented in the procurement of the latter's proposal for insurance by the appellant's own agent, authorized to solicit and forward such proposals, and it not being necessary so far as appears that the applications be signed by the persons whose lives were insured, it would seem that the company could not have resisted payment of such a policy, in case of the death of the person whose life was insured at a time when all premiums had been paid up according to the con-

tract, merely upon the ground that such person had not signed the application, but the company's agent had himself caused the name of such person to be attached to the application, such person not being a party to the contract. If this were an action brought by the appellee upon one of these policies, issued to her, and the only defense set up to a sufficient complaint were that the company's agent for soliciting proposals, making representations as in this case, without fraud on the part of the appellee, had made out applications as in this case, no violations of any rule or by-law or other provision of the company or requirement of statute relating to the application appearing, would the company be permitted to escape liability upon its contract on such ground? Inasmuch as the finding showed the issuing of certain policies of insurance on the lives of certain persons, it perhaps might be said that the finding shows that there was evidence before the court from which it might and should have found to whom the policies were issued, and that if the finding upon this matter were regarded as necessary to the appellee's recovery, it would be our duty to give the appellee an opportunity to have another trial of the cause; but the finding is wanting in facts necessary to the appellee's case, as to which, so far as appears in the finding, there was no evidence. There is no indication that there was any rule or regulation requiring the signatures of the persons whose lives were insured. The burden was upon the appellee to show that the policies were void *ab initio*, for a reason stated in the complaint. It is a familiar rule, that where the special finding is silent as to any fact, this is to be treated as a finding against the party having the burden of proving such fact. Under this rule, we must sustain the appellant's exception to the conclusions of law. The judgment is reversed, and the

cause is remanded, with instruction to state conclusions of law in favor of the appellant, in accordance with this opinion.