THE AURORA AND LAUGHERY TURNPIKE COMPANY *v.*
NIEBRUGGEE ET AL.

[No. 3,220.   Filed November 27, 1900.]

CORPORATIONS.—*Toll Roads.*—*Action for Toll.*—*Defense.*—*Want of* *Repair.*—Where a turnpike company was incorporated by special act of the General Assembly in the year 1848, the company in accepting the charter impliedly agreed to maintain the road in good repair, and the act of 1859 (§3684 Burns 1894) rendering tolls uncollectible where turnpike roads are permitted to remain out of repair, does not impose any additional burden, and its provisions are therefore binding on such company.   *pp. 568-570.*

TURNPIKES AND TOLL ROADS.—*Action for Toll.*—*Instructions.*—In an action by a turnpike company to recover tolls, to which the defendant pleaded as a bar to recovery, under §3684 Burns 1894, that the road was out of repair, it was proper for the court to inform the jury by proper instruction what constituted condition of repair or want of repair; whether such condition existed or not having been submitted to the jury in other instructions.   It was also proper to instruct the jury that if, at any time, any one or more of the trips

for which recovery was sought were taken, the road was in good repair, they should find for the plaintiff for the amount charged for such trip or trips. *p. 571.*

TRIAL.—*Misconduct of Jury.—New Trial.*—A new trial will not be granted on account of misconduct of jurors, unless it be made to appear affirmatively that the party complaining had no knowledge of such misconduct before the jury retired to consider their verdict. *p. 572.*

From the Dearborn Circuit Court.    *Affirmed.*

H. D. McMullen, H. R. McMullen, C. W. McMullen, and W. R. Johnston, for appellant.

COMSTOCK, J.—The appellant was incorporated by a special act of the General Assembly of this State, approved February 15, 1848, Local Laws of Indiana 1848, p. 229. By section 26 of said act, it is declared to be a public act.

This action was commenced before a justice of the peace of Dearborn county, to recover tolls amounting to $51.31. A trial resulted in a judgment in favor of the appellees. Upon appeal to the Dearborn Circuit Court, the trial again resulted in a judgment in favor of appellees.    From this judgment the turnpike company appeals.    Before the trial began in the circuit court, the appellees, defendants below, withdrew all their pleadings except the amended third paragraph of answer.    Two errors are assigned: (1) Overruling the demurrer to the amended third paragraph of answer, and (2) overruling the motion for a new trial.

The amended third paragraph of answer alleges, in substance, that the turnpike in question was constructed upon an existing highway; and that at and prior to the accruing of the tolls sued for, the turnpike had become and remained out of repair for more than a reasonable length of time. The question presented by the demurrer to this answer and by the first assigned error is this: The plaintiff having been incorporated by special act of the General Assembly, and having built its road by virtue of and pursuant to the act of incorporation, does §3684 R. S. 1881, §4812 Burns 1894, apply in an action by this company to collect tolls?

This action having been commenced before a justice of the peace, the facts alleged in the paragraph of answer if material could have been proved without any plea. But the same question is presented by reason seven and one-half for a new trial, being the admission of the testimony of the witness, Gear, that the turnpike was out of repair; and the giving of instructions numbered three, five, six, seven, eight, nine, and ten by the court of its own motion, the admission of which testimony and the giving of each of which instructions was upon the theory that §3684, *supra,* applied to the appellant corporation.

Twenty-four reasons are assigned in the motion for a new trial. We will consider only such as are discussed. The seventh and eighth reasons for a new trial are based upon the refusal of the court to permit appellant (plaintiff below) to prove by its secretary the expenditure for repairs on the road during the years 1889 to 1898, inclusive, of the sum of $15,588.96, and the amount expended for repairs for each of said years. Upon the part of the appellee testimony was introduced to show that the road was out of repair August 5, 1898, and for several years prior thereto. Evidence was introduced by appellant of repairs of the entire road during the year referred to. It would not have been error to have permitted evidence of the amount so expended, but as appellant introduced evidence to show the actual condition of the road at the time in issue, it was not harmed by this ruling of the court. In support of reason seven and one-half for a new trial and the giving of the foregoing instructions, the learned counsel for appellant argue (we have not been favored with a brief by appellee) that the charter of the corporation constitutes a contract between the corporation and the State, and secures rights in the franchise which can not be diminished by subsequent legislation; that section seventeen of the act of incorporation authorized the company to collect tolls of all persons using said road; that statutes are to be prospective in their application un-

less a contrary intention is clearly expressed and not then if such construction would devest vested rights. That the imposition of new and additional burdens is to devest vested rights. These general propositions are supported by the authorities. In our opinion, they are not conclusive of the question under consideration. In accepting the charter, the company impliedly agrees to maintain the road in good repair. The statute provided this one method of inducing the company to perform its implied obligation. It imposed no additional burden. Such a corporation furnishes to the State a cause for the forfeiture of its charter when it suffers its road to become and remain out of repair. Angell & Ames on Corp. §776.

In Elliott's Roads & Streets, at page 73, the learned author says: "The general rule is that corporate rights can only be forfeited by a judicial judgment, and there is no reason why this rule should not apply to turnpike corporations; if it does, then it must follow that in a collateral action, such as one to collect toll, the defendant can not aver that the charter has been forfeited. An apparent exception to this rule exists where the statute expressly declares what shall constitute a forfeiture, and invests citizens with the right to insist upon it as against a corporation asserting a cause of action against them. But this exception is apparent, rather than actual, for the right given the citizen in such cases is to defeat the exercise of a franchise in a particular instance and not to destroy the corporate existence. It is often provided that a right to exact toll shall be forfeited if the road is suffered to get out of repair, and a person sued for toll may undoubtedly show that by suffering the road to get out of repair the turnpike company has lost its right to collect toll. It is competent for the legislature to provide what acts shall constitute an abandonment of a turnpike, and when the thing happens which the statute expressly and explicitly declares shall be deemed to constitute an abandonment, the right to collect toll is lost."

Instructions twelve, thirteen and fourteen given at the request of the appellee are complained of because, as claimed, they called upon the jury to construe the statute. This claim is not well founded, because the court in previous instructions clearly explained to the jury and construed the provisions of the statute. In the charges complained of, reference is made to the provisions of the statute but not in any way calculated to mislead the jury. The further objection is made to said instruction twelve upon the ground that it is contradictory of instruction numbered ten, given by the court of its own motion. The objection, with due deference to counsel for appellant, is not well founded.

Objection is also made to the fifteenth instruction given at the request of appellees. It is as follows: "If you find that there were places in plaintiff's turnpike at which the metal had been worn off down to the clay beneath, so that in wet weather such places became muddy, then you would be justified in finding that such places were out of repair within the meaning of the law, even though such places in the dry season should by reason of the weather and driving thereover become hard and smooth so as not to inconvenience the public travel." It is urged that the court in this instruction tells the jury the meaning of the words "out of repair." Counsel argue that if the road is at any time and for any cause hard and smooth "so as not to inconvenience public travel, then it is not at such time out of repair, and that under the statute to exempt a person from liability for toll by reason of the road being out of repair, it must be out of repair at the time it is used." It was proper for the court to inform the jury what constituted condition of repair or want of repair; whether such condition existed or not was a question submitted to the jury in other instructions. In another instruction the jury were told that if at the time any one or more of the trips for which appellant sought to recover toll were taken the road was in good repair, they should find for the plaintiff for the amount charged for such

trip or trips. The instructions considered together were not misleading or contradictory, and correctly informed the jury as to the law.

Appellant complains of the refusal of the court to give certain instructions requested. So far as they stated the law, they were substantially covered by the instructions given.

The twenty-fourth and last reason for a new trial discussed is based upon the misconduct of the jury. After the evidence had been closed, the jury was sent by the court in charge of the sheriff to view the road, being first properly charged by the court. Affidavits filed in support of the motion show that while the jury was so viewing the road, measurements were made by two members of the jury in the presence of other jurors, of ruts, gutters, etc., and the width and depth thereof ascertained by such measurements. That said measurements were made at the points on said road where the condition of the road and the width and depth of these same gutters were in controversy, and about which the witnesses on both sides testified and about which there was a conflict in the testimony. It is claimed that the minds of the jury were thus unduly influenced. In opposition to the motion, the affidavits of these jurymen were filed in which each of them made oath that he made the measurements on the 2nd day of November, 1898; that in making said measurements he knew that the then condition of the turnpike was not to be considered by him in arriving at a verdict, "because he knew that the evidence in said action all of which had been heard by affiant had been limited to the condition of said turnpike on the 1st day of August, 1898, and prior thereto, and said measurements were made largely from curiosity, and the results of said measurements and the knowledge obtained thereby of the condition of said turnpike on said 2nd day of November, did not in any manner influence him in arriving at a verdict in said cause; but that he formed his judgment as a juror

in said action solely from the evidence introduced in said cause, and not otherwise."

It appears from the record that the introduction of the evidence in the cause was concluded on November 1, 1898, at which time the jury were permitted to separate under proper instructions until November 3, 1898, at 8 :30 o'clock a. m., at which time they were to hear the arguments of counsel and charges of the court. The alleged misconduct occurred November 2, 1898. It does not appear from the record that appellant or its counsel did not know of the alleged misconduct before the jury retired to consider its verdict. In the absence of such showing a new trial can not be granted. *Bank* v. *Cooper,* 19 Ind. App. 13 ; Thompson & Merriam on Juries, §456 ; Thornton on Juries and Inst., §436 ; *Cluck* v. *State,* 40 Ind. 263 ; *Henning* v. *State,* 106 Ind. 386 ; *Long* v. *State,* 95 Ind. 481. We need not therefore further consider this reason for a new trial. An examination of the record shows that the merits of the cause have been fairly tried and determined.

Judgment affirmed.