## THE MOUNT CARMEL AND JOHNSON'S FORK TURN-PIKE COMPANY v. LOOS.

### [No. 7,849. Filed March 11, 1913.]

1. PLEADING.—*Issues.*—*Variance.*—Where a defendant pleads and relies solely on an affirmative defense, he must, as a rule, recover according to the allegations of such answer, or not at all.  p. 9.
2. JUSTICES OF THE PEACE.—*Appeals.*—*Pleading.*—The rules of pleading in actions before justices of the peace remain the same where appeals are taken to the circuit court.  p. 9.
3. TURNPIKES AND TOLL ROADS.—*Action for Penalties.*—*Action Commenced Before Justice of the Peace.*—*Special Defense.*—*Pleading.*

Mount Carmel, etc., Turnpike Co. *v.* Loos—53 Ind. App. 6.

—In an action commenced before a justice of the peace to collect a penalty for failure to pay toll, the defendant, under §1749 Burns 1908, §1400 R. S. 1881, providing that all matters of defense, except the statute of limitations, set-off, and matter in abatement, may be given in evidence without plea, may show that plaintiff's road was out of repair for an unreasonable time without pleading such fact, since §4574 Burns 1908, §3684 R. S. 1881, making it lawful, in a suit for the collection of a penalty for failure to pay toll, to plead the want of repair in bar of the suit, was not intended to change the procedure in actions commenced before justices of the peace. p. 9.

4. TURNPIKES AND TOLL ROADS.—*Action for Penalties.*—*Non-Payment of Toll.*—*Defenses.*—*Failure to Repair Road.*—Under §4525 Burns 1908, §3635 R. S. 1881, providing that if a company shall suffer its road to be out of repair to the hindrance or delay of travelers for an unreasonable length of time, it shall have no right to collect tolls thereon until the same is repaired, and §4574 Burns 1908, §3684 R. S. 1881, providing that when a toll road is permitted to be out of repair for a longer time than would be required to make the necessary repairs, the owner shall not be entitled to collect tolls on that portion that is out of repair while it remains in such condition, a finding for defendant was authorized in an action for the collection of a penalty for failing to pay toll, where it was shown that of plaintiff's road, which was two miles long, one-fourth was out of repair for an unreasonable length of time before defendant refused to pay, and there was evidence that the remainder was not in good condition. p. 10.

From Dearborn Circuit Court; *George E. Downey*, Judge.

Action by The Mount Carmel and Johnson's Fork Turnpike Company against George Loos. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Morris W. McManaman* and *Warren N. Hauck*, for appellant.

*Estal G. Bielby*, for appellee.

ADAMS, J.—This action was commenced by appellant before a justice of the peace to recover from appellee the penalty provided by §4534 Burns 1908, §3644 R. S. 1881, for failure to pay toll in travelling over appellant's turnpike. The trial before the justice resulted in a judgment in favor of appellee. An appeal was taken to the Dearborn Circuit

Court, where appellee filed an answer in two paragraphs, the first in general denial and the second a special answer, alleging, in substance, that appellant is a corporation organized and existing under the laws of the State of Indiana for the purpose of maintaining and operating a gravel road or turnpike in Harrison Township, Dearborn County, Indiana; that appellant on the dates at which the tolls sued for accrued did operate a gravel road or turnpike on the route described in appellant's complaint; that said gravel road is situate along, on and over an existing highway; that at and prior to the accruing of the tolls sued for said gravel road or turnpike had become and remained out of repair for an unreasonable length of time.

To this special paragraph of answer appellant filed a reply in denial. On issues thus joined the cause was submitted to the court, resulting in a finding and judgment for appellee, from which judgment this appeal is taken. The only error assigned is that the court erred in overruling appellant's motion for a new trial.

It is urged by appellant that as the answer did not allege any facts tending to show that appellant's road had been out of repair longer than was necessary to make repairs, with a reasonable force, taking into consideration the season of the year and other equitable circumstances, the answer therefore afforded no basis for the introduction of proof, and formed no issue under which the court was authorized to find that appellee was excused from paying toll by reason of such lack of repair. Appellant also insists that when a party relies only upon an affirmative defense, he must recover according to the allegations of his affirmative answer, or not at all.

Section 4574 Burns 1908, §3684 R. S. 1881, provides that "hereafter whenever any gravel, turnpike, macadamized or plank road shall be suffered to get and remain out of repair for a longer period of time than would be required to make the necessary repairs with a reasonable force, the season of

the year and other equitable circumstances considered, the corporation or company, owner or owners of such road, shall not be entitled to receive and collect toll upon such road, or upon so much of the same as is out of repair, while the same shall remain out of repair; and it shall be lawful, in any suit for the collection of toll, or any penalty for failure to pay such toll, for the defendant to plead such want of repair in bar of said suit.''

It is generally true, as insisted by appellant, that where a defendant pleads and relies solely on an affirmative defense, he must recover according to the allegations of his affirmative answer, or not at all. But this rule could not in any event apply to the case before us.

It will be noted that the action was originally commenced before a justice of the peace. By §1749 Burns 1908, §1460 R. S. 1881, it is provided that ''all matter of defense, except the statute of limitations, set-off and matter in abatement, may be given in evidence without plea.'' And it is well settled that the rules of pleading in actions before justices of the peace remain the same where appeals are taken to the circuit court.

In *Campbell* v. *Nixon* (1891), 2 Ind. App. 463, 465, 28 N. E. 107, the court said: ''The rules of pleading before justices of the peace are applicable in the circuit court on appeals from justices, and all defenses except the statute of limitations, set-off, matter in abatement and the denial of the execution, or the assignment of a written instrument, may be given in evidence without plea.'' See, also, *Metropolitan Life Ins. Co.* v. *Bowser* (1898), 20 Ind. App. 557, 564, 50 N. E. 86.

Appellant admits that §1749, *supra,* and the cases decided under it, would be controlling in actions generally, but insists that this action was a special proceeding in which a special defense was created by statute, and that the general rules of civil procedure can only apply where the statute is silent as to special defenses; that

where the statute provides that a defendant "may plead such want of repair in bar of said suit" (§4574, *supra,*) there is no room for the contention that a statute enacted long before this defense came into existence (§1749, *supra,*) was included in its provisions. There is no merit in this contention, and the question is no longer an open one in this State. In the case of *Aurora, etc., Turnpike Co.* v. *Neibruggee* (1900), 25 Ind. App. 567, 58 N. E. 864, a case very similar to the one at bar, at page 569, this court said: "This action having been commenced before a justice of the peace, the facts alleged in the paragraph of answer if material could have been proved without any plea." We must hold that the provision in §4574, *supra,* was not intended to change the procedure in actions appealed from justices of the peace.

It is also urged by appellant that if evidence as to the condition of the road was admissible under the special answer, such evidence shows that only a part of the 4.  road was out of repair, and that even if appellee was justified in refusing to pay toll on that part, the statute affords no defense for refusing to pay on the remainder, not out of repair. Appellant's turnpike was two miles in length, and it was clearly shown that parts of the road were in bad condition, and had been in such condition for a longer time than would reasonably have been required to repair the same. It was also shown that at least one-fourth of the entire road was out of repair, and there was some evidence that the remainder was not in good condition.

It is provided by §4525 Burns 1908, §3635 R. S. 1881, that "if such company shall suffer the road to be out of repair to the hindrance or delay of travellers for any unreasonable length of time, it shall have no right to collect tolls thereon until the same is repaired." Construing this section with §4574, *supra,* we do not think that a gravel road or turnpike two miles long, one-fourth of which was shown to be out of repair for an unreasonable length of time before

appellee refused to pay tolls, was such a road as to authorize the collection of tolls from travelers using the same. It was clearly not the purpose of the statute to allow a turnpike company to make a charge for such part of its road as it deemed to be in good condition, and permit the balance to remain out of repair. We think the trial court reached a correct conclusion on the facts presented by the evidence in this case.

The judgment is affirmed.

NOTE.—Reported in 101 N. E. 116. See, also, under (1) 31 Cyc. 700; (2) 24 Cyc. 736; (3) 24 Cyc. 568; (4) 38 Cyc. 392, 404.